# United States Court of Appeals
# for the Fifth Circuit

———————

No. 24-50747
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**
March 10, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Ricardo Iran Nunez-Coronado,

*Defendant—Appellant*.

———————————————————

Appeal from the United States District Court
for the Western District of Texas
USDC No. 3:24-CR-922-1

———————————————————

Before Jolly, Jones, and Willett, *Circuit Judges*.

Per Curiam:*

Ricardo Iran Nunez-Coronado appeals his sentence under 8 U.S.C. § 1326. For the first time on appeal, he argues that § 1326(b) violates the Constitution by treating a prior conviction that increases the statutory maximum as a sentencing factor, rather than as an element of the offense. Although Nunez-Coronado's 15-month term of imprisonment is within the

———————————————————

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-50747

otherwise applicable statutory maximum in § 1326(a), he alleges that his two-year term of supervised release exceeds the one-year statutory maximum that applies without a § 1326(b) enhancement. *See* 18 U.S.C. §§ 3559(a), 3583(b). The Government moves for summary affirmance or, alternatively, an extension of time in which to file a brief. Nunez-Coronado takes no position on the motion but concedes that his argument is foreclosed by the Supreme Court's decision in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998).

Because Nunez-Coronado correctly concedes that his argument is foreclosed by *Almendarez-Torres*, *see United States v. Pervis*, 937 F.3d 546, 553-54 (5th Cir. 2019); *see also Erlinger v. United States,* 602 U.S. 821, 838 (2024) (explaining that *Almendarez-Torres* "persists as a narrow exception permitting judges to find only the fact of a prior conviction" (internal quotation marks and citation omitted)), summary affirmance is appropriate, *see Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969).

Accordingly, the Government's motion for summary affirmance is GRANTED, the alternative motion for an extension of time to file a brief is DENIED, and the district court's judgment is AFFIRMED.